UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ESPIRION L. ARELLANO,

                Petitioner,

vs.                                Case No. 2:06-cv-605-FtM-29DNF

UNITED STATES OF AMERICA,

                Respondent.
_____

**OPINION AND ORDER**

This matter comes before the Court on petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. #1)[1]. The government filed a Response in opposition (Doc. #6).

**I.**

On January 5, 2005, a grand jury sitting in the Middle District of Florida returned a two-count Indictment charging petitioner with possession with intent to distribute a mixture or substance containing a detectable amount of cocaine (Count One), and possession with intent to distribute five grams or more of a mixture or substance containing a detectable amount of cocaine base, also known as crack cocaine (Count Two). (Cr. Doc. #1.) On

---

[1]Docket numbers referring to the corresponding criminal case, Case No. 2:05-cr-4-FtM-29DNF, are cited as (Cr. Doc. #). Docket numbers referring to documents in petitioner's § 2255 civil case are cited as (Doc. #).

July 12, 2005, petitioner plead guilty to both Counts pursuant to a written Plea Agreement (Cr. Docs. ## 63, 69).  On October 31, 2005, the Court sentenced petitioner to one hundred eight months of incarceration followed by five years of supervised release (Cr. Docs. ## 78, 79.)  Petitioner did not file a direct appeal.

Petitioner filed this timely § 2255 on November 8, 2006, asserting three claims of ineffective assistance of counsel and one claim that the government breached the Plea Agreement.  The Court will address the alleged breach of the Plea Agreement first.

**II.**

Petitioner asserts in Ground IV that the government breached the Plea Agreement "when it asked for more drugs to be attributable to [p]etitioner at the time of sentencing." (Doc. #1, p. 15.) Petitioner seeks re-sentencing without consideration of the additional quantity of drugs.

**A.**

The Factual Basis set forth in the Plea Agreement (Cr. Doc. #69, pp. 15-16) set forth the following facts, which petitioner admitted: On November 18, 2004, members of the Collier County Sheriff's Office executed a state search warrant at a business location then occupied by Petitioner and his brother Fedencio. Fedencio was found in possession of crack cocaine and $2,030.00 in currency, and Petitioner was not found in possession of any drugs. A search of the business premises discovered numerous pieces of

-2-

crack cocaine and some powder cocaine inside a black travel bag, and some additional powder cocaine in a backpack. Numerous items of narcotic paraphernalia were also located. In a post-<u>Miranda</u> statement Petitioner stated he was aware of approximately two ounces of crack cocaine inside the black bag in the employee restroom, and that he had observed the crack cocaine in the restroom the previous day and that his brother had placed the bag there. Petitioner also stated that he was paid by an unknown source to deliver, sell, and cook crack cocaine, and he used the microwave at the business to cook crack cocaine. Petitioner estimated cooking four to five ounces of cocaine base every other day. When petitioner was shown the backpack, he said his brother had it the night before and it contained approximately 18 ounces of cocaine. Petitioner stated he retrieved one ounce of the cocaine to cook. Petitioner further stated the cocaine cost him $11,000.00. Laboratory analysis established the presence of 40.13 grams of cocaine base and 490.13 grams of cocaine hydrochloride, with an additional quantity of suspected cocaine base as yet not analyzed expected to be less than 10 net grams.

In calculating the Base Offense Level under the Sentencing Guidelines, the Presentence Report used these quantities of cocaine and cocaine base plus 16.75 grams of crack cocaine seized in a September 9, 2004, traffic stop of a vehicle operated by Petitioner and occupied by his brother and a female. The crack cocaine was concealed in the female's pants, and she advised the officers that

"at the time of the traffic stop, the Arellano brothers instructed [her] to conceal the crack cocaine in her pants." She further stated that she knew the substance was crack cocaine, and that the Arellano brothers had intended to sell it. The Presentence Report included the traffic stop crack cocaine under the Relevant Conduct provisions of the Sentencing Guidelines. This resulted in a Base Offense Level of 32, instead of a Base Offense Level of 30 had the traffic stop crack cocaine not been included.

**B.**

Petitioner argues that the government breached the Plea Agreement by seeking to have the traffic stop crack cocaine, which was not included in the factual basis he admitted, included in the calculation of the Sentencing Guidelines. The Court finds no breach of the Plea Agreement. The Plea Agreement did not restrict the information which the government could present to the Probation Office for consideration, or limit the information to that which was set forth in the Factual Basis portion of the Plea Agreement. Rather, it provided:

> The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves the right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

(Cr. Doc. #69, p. 11.)  Therefore, the government did not breach the Plea Agreement as to the quantity of drugs to be considered.

### C.

The government argues that petitioner has procedurally defaulted this claim by failing to file a direct appeal, and alternatively the waiver of sentence provision precludes this claim.  While the issue would be procedurally defaulted because it was available on direct appeal and none was taken, petitioner asserts that his attorney failed to follow his instructions to file such an appeal.  As set forth below, this matter requires an evidentiary hearing to resolve, and therefore the Court will not rely upon the procedural default argument but rather will reach the merits of this claim.

The government also argues that the waiver of appeal/collateral proceedings regarding sentencing precludes consideration of this issue on the merits.  The Plea Agreement contained the following provision:

> The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant tot he United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by

>    Title 18, United States Code, Section 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

(Cr. Doc. #69, pp. 12-13.)  It is well established that sentence-appeal waivers are valid if made knowingly and voluntarily. <u>Williams v. United States</u>, 396 F.3d 1340, 1341 (11th Cir. 2005)(citing <u>United States v. Bushert</u>, 997 F.2d 1343, 1350-51 (11th Cir. 1993), <u>cert. denied</u>, 513 U.S. 1051 (1994)).  Petitioner initialed every page of the Plea Agreement, and the Court confirmed with Arellano that the initials on the Plea Agreement were his (Doc. #6-1, pp. 8-9).  The Court highlighted this waiver provision during the guilty plea colloquy,

>    [B]y virtue of your plea agreement, you have waived the right to appeal your sentence or to challenge it collaterally on any ground, including a determination as to the Court erring in the applicable guideline range, except the ground that the sentence exceeds the applicable guideline range as determined by the Court; secondly, the ground that the sentence exceeds the statutory maximum penalty; and, thirdly, on the ground that the sentence some way violates the Constitution.
>
>    The only way you could be released from this waiver is if the government exercises its right to appeal, which would be if the Court departed downward from the guideline range.
>
>    Do you understand this waiver?

(Doc. #6-2, pp. 15-16.)  Petitioner answered affirmatively: "Yes, I do."  (<u>Id.</u> at p. 16.)  While the Court finds that the appeal waiver was clearly knowing and voluntary under <u>Bushert</u>, 997 F.2d at 1350, and its progeny, e.g., <u>United States v. Grinard-Henry</u>, 399 F.3d 1294, 1296 (11th Cir. 2005), the claim raised does not

directly challenge the sentence. Rather, it challenges the government's compliance with the Plea Agreement. Since the government has not cited a case extending the waiver provision to such an argument, the Court will not rely on a waiver argument.

### III.

The next three claims relate to the alleged ineffective assistance of Petitioner's trial counsel. The law is well settled.

Issues of ineffective assistance of counsel can be raised in a § 2255 proceeding even where petitioner could have raised the issues on direct appeal but failed to do so. Massaro v. United States, 538 U.S. 500 (2003).[2] The Supreme Court established a two-part test for determining whether a convicted person is entitled to habeas relief on the ground that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). See also Florida v. Nixon, 125 S. Ct. 551 (2004); Wiggins v. Smith, 539 U.S. 510 (2003); Williams v. Taylor, 529 U.S. 362 (2000). A court must "judge the

---

[2]Therefore, the Court rejects the government's argument (Doc. #6, pp. 4-5) that the ineffective assistance of counsel claims are procedurally defaulted.

reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690). This judicial scrutiny is "highly deferential." Id. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689-90. An attorney is not ineffective for failing to raise a meritless issue. Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir. 1989), cert. denied, Ladd v. Burton, 493 U.S. 842 (1989); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992). In light of the general principles and presumptions applicable to ineffective assistance of counsel claims, the cases in which habeas petitioners can prevail are few and far between. Chandler v. United States, 218 F.3d 1305, 1313-14 (11th Cir. 2000)(en banc), cert. denied, 531 U.S. 1204 (2001).

**A.**

Petitioner asserts that his counsel was ineffective for failing "to object to the extra weight of crack cocaine at the time of sentencing" and failing "to compel the government to adhere to the written plea agreement as to drug quantities". Both claims refer to the 16.75 grams of crack cocaine from the traffic stop. As set forth above, the Plea Agreement did not preclude consideration of this crack cocaine, and therefore trial counsel was not constitutionally ineffective in failing to compel the government to limit the drug quantities to the amount Petitioner

-8-

admitted in the factual basis of the Plea Agreement.[3] Additionally, the traffic stop cocaine base was clearly relevant conduct under the Sentencing Guidelines, § 1B1.3, and therefore counsel's performance was not deficient in failing to object to its consideration.

**B.**

The final claim is that Petitioner's counsel was ineffective because he failed to file a notice of appeal despite Petitioner's instructions to do so. In an affidavit, petitioner's counsel stated that (1) he advised petitioner that because the Court did not sentence him outside the limitations of the plea agreement that there was no basis for appeal, and (2) that petitioner accepted his counsel's appraisal. (Doc. #6-2, p.2.) Petitioner, on the other hand, asserts that he instructed his attorney on three occasions to file an appeal.

The law is clear that an attorney is ineffective if he disregards specific instructions to file a notice of appeal, even if an appeal would have no meritorious issues. Flores-Ortega, 528 U.S. 470 (2000); Otero v. United States, 499 F.3d 1267 (11th Cir.

---

[3] The Eleventh Circuit has ruled that

> a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing.

Williams, 396 F.3d at 1342.

2007); Thompson v. United States, 481 F.3d 1297 (11th Cir. 2007); Gomez-Diaz v. United States, 433 F.3d 788 (11th Cir. 2005). Given the material factual disputes in this case, an evidentiary hearing is necessary to determine if Petitioner gave such instructions.

Accordingly, it is now

**ORDERED**:

1. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. #1) is **DENIED** in part and **taken under advisement** in part, as follows:

    A. Grounds I, III, and IV of the motion are denied for the reasons set forth above.

    B. The Court takes Ground II of Petitioner's Motion under advisement pending an evidentiary hearing on the matter as set forth below.

2. Pursuant to the Rules Governing § 2255 Cases in the United States District Courts, Rule 8(b), Ground II of Petitioner's Motion to Vacate, Set Aside or Correct Sentence is referred to the assigned Magistrate Judge for purposes of holding an evidentiary hearing and submitting a report and recommendation regarding the appropriate disposition of this issue.

3. Petitioner qualified for court-appointed counsel in the underlying case, and the only change in his circumstances has been his incarceration. Accordingly, the Court finds that petitioner qualifies for court-appointed counsel in this proceeding. The

Clerk of the Court shall designate the next available Criminal Justice Act panel attorney to represent petitioner.

4. The Clerk shall withhold the entry of judgment until the conclusion of the case.

**DONE AND ORDERED** at Fort Myers, Florida, this   11th   day of December, 2007.

JOHN E. STEELE
United States District Judge

Copies:
U.S. Magistrate Judge
Petitioner
AUSA
MAGCD